KLEIN, Judge.
We reverse an order suppressing statements made by defendant while he was in custody, but prior to being given Miranda[1] warnings, because the statements were spontaneous and thus not violative of Miranda principles.
Eyewitnesses observed defendant strike a bicyclist and leave the scene of the accident at about 10:20 p.m. The investigating officer obtained a description of defendant’s car and tag number, and later observed him at a stoplight with his windshield smashed.
Defendant advised the officers that someone had thrown a cinder block through his windshield about 10:00 p.m. while he was on his way home from a bachelor party. He also said that he had gotten lost driving home. After giving defendant roadside sobriety tests, the officers arrested defendant, handcuffed him, and placed him in their police car. While being driven to the blood alcohol testing facility defendant volunteered to the arresting officer that he probably had too many beers, that he had ten beers, that he had started drinking when he was twelve years old, and that his family did not accept people unless they drank.
After a suppression hearing the court found as a matter of fact that defendant’s statements in the police ear were spontaneous, and not in response to questions, but concluded that they were inadmissible because defendant was in custody and had not been read his Miranda rights.
In Rivera v. State, 547 So.2d 140 (Fla. 4th DCA 1989), review denied, 558 So.2d 19 (Fla.1990), this court observed that the Miranda rule is applicable where a suspect is taken into custody and interrogated, citing Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). In Rivera the defendant was arrested, not read his Miranda rights, and while en route to the police station made the spontaneous statement that if he talked to the detectives he would spend the next twenty years in jail. This court *953 held that since this statement was not in response to any question, but rather was voluntary, the Miranda rule did not apply even though Rivera was in custody. Our supreme court previously came to the same conclusion regarding voluntary statements made in custody in Kelley v. State, 486 So.2d 578 (Fla.), cert. denied, 479 U.S. 870, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986).
Since the trial court found that defendant was not questioned while in the police car, but rather that his statements were spontaneous, “neither the letter nor spirit of Miranda has been violated.” Kelley, 486 So.2d at 584. We therefore reverse that portion of the suppression order.
DELL, C.J., and FARMER, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).